IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| MARY ELIZABETH CROSKEY, | ) | CV 09-44-M-DWM |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ESTATE OF WILLARD LEE CHEYNEY and FEDEX CORP., | ) | |
| Defendants. | ) | |

## I. Introduction

Willard Cheyney was a cartage agent for FedEx. In that job, when FedEx was busy, Cheyney delivered overflow packages for the company. SUF 2. December 21, 2007, Cheyney's vehicle and a C.R. England semi-truck collided west of Missoula on Interstate 90. SUF 2. Plaintiff, Mary Ann Croskey ("Croskey"), filed a complaint in this Court alleging negligence and negligence per se. Croskey now moves for partial summary judgment on the issue of whether Cheyney was an employee of FedEx.

## II. Factual Background

Cheyney retired from a different job around 1989, but he began working as

a cartage agent for FedEx in 1994. SGI ¶ 2. He operated under the name "White Pine Express." White Pine Express was not a business entity registered with the Montana Secretary of State, nor did it have a bank account or assets. SUF ¶¶ 2, 4. Payments for Cheyney's work were deposited in Cheyney's personal bank account. For tax purposes, FedEx issued 1099s to Cheyney, but the name White Pine Express does not appear on the documents. White Pine Express did not have a federal tax ID number. SUF ¶ 5.

In his 13 years as a cartage agent, Cheyney only delivered packages for FedEx. SUF ¶ 6. Cheyney did not hold an independent contractor exemption certificate issued pursuant to Mont. Code Ann. § 39-71-401(3). SUF ¶ 9.

### III. Analysis

Montana courts have used a two part test to determine whether a worker is an employee or independent contractor. The two part test originally came from the definition of independent contractor in Montana Code Annotated §§ 39-51-201 and 39-71-102.

In 2005, the Montana Legislature wanted to make possession of an independent contractor exemption certificate conclusive on the issue of a worker's legal status. It repealed § 39-71-102, removed the two part test from § 39-51-201, and incorporated the two part test into the application for the certificate pursuant

2

to Montana Code Annotated § 39-71-401(3). By incorporating the two part test into the application for the certificate, the Legislature demonstrated a desire to keep the two part test. A party seeking an independent contractor exemption certificate must swear to and acknowledge:

> (i) that the applicant has been and will continue to be free from control or direction over the performance of the person's own services, both under contract and in fact; and
>
> (ii) that the applicant is engaged in an independently established trade, occupation, profession, or business and will provide sufficient documentation of that fact to the department.

§ 39-71-416.

Croskey concedes that material issues exist regarding the first part of the test. But, Croskey argues Cheyney cannot meet the second part of the test because for 13 years leading up to the accident, Cheyney worked exclusively for FedEx. The two part test is conjunctive, and an individual is not an independent contractor if one of the prongs is not met. N.W. Publg. & Indus. v. Mont. Dept. of Lab., 846 P.2d 1030, 1032 (Mont. 1993).

In Lundberg v. Liberty Northwest Insurance Co., the Montana Supreme Court held that an individual that purchased lumber for only one lumber company did not meet the second prong of the two part test. 887 P.2d 156, 159 (Mont. 1994). It considered that the individual did not purchase lumber for parties other

than the lumber company. The Court therefore held the individual was not engaged in an independently established trade, occupation, profession, or business.

Based on the holding in Lundberg, in dicta, the Montana Supreme Court concluded that the second prong of the test is not met when, for a three month period, a worker received all his jobs from one company. Wild v. Fregein Construction, 68 P.3d 855, 862 (Mont. 2003). In that case, the worker "did not contract with any other subcontractors and he did not bid against [the employer] on any jobs." Id.

Considering the holdings in Wild and Lundberg, Cheyney was not an independent contractor because for 13 years he only delivered packages for FedEx. The Montana Legislature expressed a policy and Montana courts have acknowledged that only those engaged in an independently established trade, occupation, profession, or business will be treated as an independent contractor. If the employee in Wild was an employee because for three months he received all of his work from one company, then Cheyney's 13 years of exclusive service for FedEx is determinate on the issue of whether there was an independently established trade, occupation, profession, or business.

Even though FedEx acknowledges Montana uses the two part test to

4

determine independent contractor status, he asks the court to look at the totality of the circumstances. FedEx explains that the absence of an independent trade, occupation, profession or business was due to the fact that Cheyney had retired from his previous job. First, the argument is unpersuasive because the employee in Lundberg had also retired from a previous job. Second, the argument fails because the two part test is conjunctive, and an individual is not an independent contractor if the second element is not met. See N.W. Publg. & Indus., 846 P.2d at 1032.

FedEx also attempts to distinguish the facts from Wild and Lundberg by noting Cheyney operated under the business name White Pines Express. But White Pines Express was not a registered business entity with the Montana Secretary of State, and it had no assets. FedEx issued 1099s for tax purposes, but the forms do not mention White Pine Express. The existence of a business identity is questionable. And Cheyney did not have an independent contractor exemption certificate issued pursuant to Montana Code Annotated § 39-71-401(3). Regardless, the existence of a business identity does not make Cheyney an independent contractor. A business entity existed in Lundberg, and the Court still held there was not an independently established trade, occupation, profession, or business.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for partial summary judgment (dkt #80) is GRANTED. There is no genuine dispute as to any material fact, and, as a matter of law, Plaintiff is entitled to judgment on the issue of Cheyney's worker status.

Dated this 6th day of May, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT