IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| MARY ELIZABETH CROSKEY, | ) | CV 09-44-M-DWM |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ESTATE OF WILLARD LEE CHEYNEY and FEDEX CORP., | ) | |
| Defendants, | ) | |

Plaintiff Mary Elizabeth Croskey brings this action for damages arising from injuries she suffered in an auto accident on Interstate 90 in December of 2007. Croskey was a passenger in a semi truck owned by her employer, C.R. England Trucking, and operated at the time by her co-driver, Patricia Thomas. Plaintiff claims to have suffered orthopaedic and neurologic injuries in the

1

collision, which she alleges was caused when Willard Cheyney pulled his vehicle from the right lane into the left lane, in front of the C.R. England semi truck, and abruptly slowed. Plaintiff Croskey alleges that Cheyney was at the time an employee or agent of FedEx Corp., and had a FedEx decal on the side of his vehicle.

Plaintiff has filed a motion in limine seeking an order prohibiting the Defendants from presenting evidence at trial on the following topics:

1. The potential effect or impact of this litigation or any adverse verdict upon the Defendants;

2. Collateral source evidence, including Plaintiff's receipt of workers' compensation benefits;

3. The limits of any available insurance against which a verdict and judgment may be indemnified;

4. Any alleged acts of comparative and/or contributory negligence on the part of the Plaintiff, especially as it regards her failure to use a passenger restraint.;

5. That counsel may have spoken to trial witnesses about their testimony or done any of the other things ordinarily done by attorneys preparing to call a trial witness;

6. Statements, allegations, or claims made in the complaints;

7. The time and circumstances under which Plaintiff retained counsel;

8. Any argument or attempt to apportion fault for the accident to C.R. England or Patricia Thomas.

Defendants to not object to the motion with respect to Plaintiff's enumerated requests Nos. 1, 2, 3, 5, and 7. Except for Number 5, the motion in limine will be granted with regard to those requests. Request Number 5 is denied as overly broad in the absence of some objective standard detailing what things are "ordinarily" done by attorneys preparing to call a trial witness, and which attorneys do them. The remaining disputed issues are addressed in turn.

**Plaintiff's Comparative or Contributory Negligence (Request No. 4)**

Plaintiff Croskey was in the tractor's sleeper berth at the time of accident. The tractor was equipped with a sleeper berth restraint system, the use of which Defendants say is required under C.R. England's safety policies. Plaintiff was not using the restraint at the time of the accident. Defendants intend to introduce evidence at trial that Plaintiff failed to use the available restraint system in violation of her company's policies to demonstrate her comparative negligence.

Under Montana law, a defendant in a tort action may not assert the plaintiff's failure to use a seat belt as a defense to show the plaintiff's negligence

3

or to influence the jury's determination of damages. Kopischke v. First Continental Corp., 610 P.2d 668 (Mont. 1980). In rejecting the viability of a seat belt defense, the Montana Supreme Court stated, "[T]o adopt a seat belt defense when the legislature has failed to do so would be ill-advised." Id. at 683. Montana has since passed the Montana Seat Belt Use Act, requiring seat belt use in most situations. See Mont. Code Ann. § 61-13-103. However, the Act preserved the rule of Kopischke regarding the inadmissibility of failure to use a seat belt to prove negligence in a civil action for personal injury. See Mont. Code Ann. § 61-13-106.

Defendants point out that the Montana Seat Belt Use Act applies only to motor vehicle occupants "of a designated seating position," Mont. Code Ann. § 61-13-103, and thus is inapplicable to this case because Plaintiff Croskey was in a sleeper berth, and not a designated seating position, at the time of the accident. The distinction is of no consequence. If the sleeper berth restraint is covered under the statute, Croskey's failure to use it is inadmissible under § 61-13-106. If it is not covered under the statute, the holding of Kopischke governs, and because the legislature has not adopted such a defense in the sleeper berth context, Croskey's failure to use the restraint is not negligent as a matter of law. In either case, there is no valid seat belt defense and Plaintiff Croskey's motion in limine is

4

granted with regard to Request No. 4. The Defendants may not introduce evidence or otherwise refer at trial to Plaintiff Croskey's failure to use the sleeper berth restraint system, nor may they rely on that basis to demonstrate her comparative negligence.

**Statements, Allegations or Claims Made in the Complaints (Request No. 6)**

Plaintiff moves for an order prohibiting the Defendants from making any reference at trial to statements she has made in prior pleadings in this case. She relies on Rule 16(d), Fed. R. Civ. P., and Craig v. Shell, 975 P.2d 820 (Mont. 1999). The opinion in Craig is based on the Montana Uniform District Court Rules and Montana Rules of Civil Procedure, neither of which apply in this federal court action. Rule 16(d) of the Federal Rules of Civil Procedure is not an evidentiary rule, and likewise has no application to this issue. There may be circumstances under which statements in prior pleadings would be admissible, for example under Rule 613 (prior statements of witnesses) or Rule 801(d)(2) (admission by party-opponent) of the Federal Rules of Evidence. Here Plaintiff makes a general motion to have all such prior statements deemed inadmissible for all purposes; it is impossible for the Court to determine at this stage of the proceedings whether such a ruling is warranted. The request is therefore denied,

subject to renewal at trial, when the evidence can be evaluated and the rules applied in light of the context in which it is offered.

**Attempts to Apportion Fault to C.R. England or Patricia Thomas (Request No. 8)**

Plaintiff Croskey concedes that the Defendants may argue that the accident was caused by the negligence of Patricia Thomas, Croskey's co-driver, and not that of Willard Cheyney, and that the Defendants may put on proof in support of that theory. What the Defendants may not do, Plaintiff says, is attempt to convince the jury that there is mixed liability for her injuries and include a place on the verdict form to assign some percentage of fault to Thomas.

At the time of filing of Plaintiffs' motion, the Court had not yet decided the Defendants' motions for leave to amend their Answers to insert the non-party defense pursuant to Mont. Code Ann. § 27-1-703. The Court has since denied the motions, see Doc. No. 116, meaning Defendants have not pled the non-party defense as to Patricia Thomas. Because Montana law requires that the non-party defense be pled affirmatively, see Mont. Code Ann. § 27-1-103(f), Defendants are precluded from attempting to assign some percentage to fault to Thomas. Accordingly, Plaintiff Croskey's motion in limine is granted as to Request No. 8; the Defendants may offer evidence and argument to show that Willard Cheyney's

negligence did not cause the Plaintiff's injuries and Patricia Thomas' negligence did, but they may not urge the jury to apportion fault to Thomas, and the jury will not have the option to do so on the verdict form.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Croskey's motion in limine (Doc. No. 90) is GRANTED in part and DENIED in part as set forth above.

Dated this 28th day of July, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT