IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| MARY ELIZABETH CROSKEY, | ) | CV 09-44-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ESTATE OF WILLARD LEE CHEYNEY and FEDEX CORP., | ) | |
| | ) | |
| Defendants, | ) | |

Plaintiff Mary Elizabeth Croskey brings this action for damages arising from injuries she suffered in an auto accident on Interstate 90 in December of 2007. Croskey claims to have suffered orthopaedic and neurologic injuries in the collision, which she alleges was caused when Willard Cheyney pulled his vehicle from the right lane into the left lane, in front of a semi truck in which Croskey was

a passenger, and abruptly slowed.

Defendant Estate of Willard Lee Cheyney has disclosed the expert report of accident reconstructionist Robert Stearns. Mr. Stearns' opinion considers the damage to Cheyney's vehicle and estimates of the weight of both vehicles, and applies principles of physics to estimate the velocity change that Plaintiff Croskey experienced as a result of the collision. He estimates that the "actual average acceleration acting on the occupants of the plaintiff vehicle would have been between 0.95 to 2.55 'g'." Doc. No. 93-1 at 2. Mr. Stearns' disclosure states:

> I am unfamiliar with the injury symptoms claimed by the plaintiff in this case. I am also unfamiliar with the reported mechanism of injury associated with the plaintiff's complaints, other than the general information that the plaintiff was supposedly occupying the sleeper cab at the rear of the tractor at the time of the collision. It is my recommendation that you consult with an expert in biomechanical analysis in order to determine if the plaintiff's injury complaints are consistent with the relatively low velocity changes and acceleration calculation for this collision episode.

Id. Mr. Stearns then goes on to observe that humans regularly experience velocity changes within or in excess of the range to which Plaintiff Croskey was subject, and do so without suffering injury. As examples, he notes that bumper car collisions in an amusement park average 1.4 to 1.5 'g's, while an aircraft making a catapult shot off an aircraft carrier subjects occupants to four to five 'g's for a period of about two seconds. Id. Mr. Stearns' report does not offer an opinion as

to whether the Plaintiff's injuries were caused by the collision.

Plaintiff Croskey says the defense is improperly using an accident reconstructionist as a biomechanics expert, and has filed a motion in limine seeking an order prohibiting the Defendants from eliciting opinion testimony from Mr. Stearns "which may in any way be construed as pertaining to the issues of injury causation or damages." Doc. No. 93 at 6.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rulings on the admissibility of expert testimony under Rule 702 are committed to the sound discretion of the trial court. General Elec. Co. v. Joiner, 522 U.S. 136, 141-42 (1997). In Daubert v. Merrell Dow Pharaceuticals, Inc., the Supreme Court imposed a gatekeeping obligation on trial judges to engage in objective screening designed to ensure that scientific evidence that is put before the jury "is not only relevant, but reliable." 509 U.S. 579, 589 (1993).

The threshold questions for admissibility of expert scientific testimony are

whether the proffered testimony reflects scientific knowledge and whether it will assist the trier of fact. Id. at 592. The Daubert Court instructed that in exercising the "gatekeeper" function of deciding whether to admit such testimony, a trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-593. An expert's testimony must be grounded in the methods and procedures of science, and must be more than unsupported speculation or subjective belief. Id. at 593. An expert's "bald assurance of validity is not enough." Daubert v. Merrell Dow Pharaceuticals, Inc., 43 F.3d 1311, 1316 (9th Cir. 1995) ("Daubert II"). A proponent of the testimony does not have the burden of proving that the testimony is scientifically correct, but rather that the testimony, by a preponderance of the evidence, is reliable. The "'focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.'" Joiner, 522 U.S. at 146 (quoting Daubert, 509 U.S. at 595).

Plaintiff Croskey has not identified any basis under Rule 702 to exclude the opinions offered in Mr. Stearns' disclosure. Rather, Plaintiff seeks to exclude an opinion that Mr. Stearns has *not* offered, i.e., that her injuries could not have been caused by the collision. Assuming his qualifications can be established at trial, it

4

would be within Mr. Stearns' area of expertise to opine as to the amount of force involved in the collision. It would likewise be within the scope of his knowledge to compare the amount of force involved in the collision to the force associated with other human activities. That information may assist the trier of fact on issues in the case, including causation, even in the absence of a direct statement by Mr. Stearns that the collision could not, in his opinion, have caused injury to Plaintiff Croskey.

Mr. Stearns' opinion testimony at trial will be limited to those matters that have been fairly disclosed in accordance with the Federal Rules of Civil Procedure and this Court's orders, and will be subject to the Federal Rules of Evidence. Because Plaintiff Croskey seeks to exclude testimony that may potentially be admissible at trial, the motion is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Croskey's motion in limine to exclude opinion testimony by Robert Stearns (Doc. No. 92) is DENIED.

Dated this 4th day of August, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT